UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

RATHER OUTDOORS CORPORATION,

    Plaintiff,

v.                                   Case No. 3:23-cv-07590-MCR-ZCB

STEWART DISCOUNT FISHING
TACKLE LLC,

    Defendant.
_____/

## ANSWER AND AFFIRMATIVE DEFENSES

Defendant, Stewart Discount Fishing Tackle LLC ("Stewart"), answers the Complaint filed by Plaintiff, Rather Outdoors Corporation ("Rather"), and states as follows:

## NATURE OF THIS ACTION

1. Stewart admits that the Complaint purports to seek relief and monetary damages for alleged trademark infringement, false advertising, and unfair competition and related state law claims. Stewart denies the remaining allegations in paragraph 1 of the Complaint, and specifically denies that Rather is entitled to any relief against Stewart.

2. Denied.

1

3. Without knowledge and therefore denied as to how and to whom Rather sells its products. Admitted that Stewart is not an Authorized Internet Reseller of Rather, nor has it advertised itself as such. Stewart denies the remaining allegations in paragraph 3 of the Complaint.

4. Denied.

5. Denied.

6. Denied.

## JURISDICTION AND VENUE

7. Admitted for jurisdictional purposes only.

8. Admitted for jurisdictional purposes only. Denied that Stewart has committed any unlawful acts.

9. Admitted for jurisdictional purposes only.

## PARTIES

10. Without knowledge and therefore denied.

11. Stewart admits that it is a Florida limited liability company with a principal place of business at 5952 Milan Drive, Milton, FL 32571, and that it does business and has sold products to customers in Florida and this District through its website at www.discountfishingdeals.com and www.Facebook.com and Instagram. Stewart admits that it has lawfully sold products, including certain products that Rather appears to include in its definition of "Rather Outdoors Products." Stewart

admits that it has not advertised itself to be an "authorized dealer of Rather Outdoors Products," and denies that any authorization is required by applicable law (including, without limitation, the first sale doctrine) for Stewart to sell such products. Stewart denies the remaining allegations in paragraph 11 of the Complaint.

## FACTS

**A.     Rather Outdoors' Alleged Trademark Usage**

12.    Without knowledge and therefore denied.

13.    Without knowledge and therefore denied.

14.    Without knowledge and therefore denied as to whether the alleged registrations are in "full force and effect." Denied that the alleged registrations are incontestable, or at least that all of the alleged registrations are incontestable.

15.    Without knowledge and therefore denied.

16.    Without knowledge and therefore denied.

17.    Denied that certificates of registration issued to registrants other than Rather referenced in paragraph 12 above constitute *prima facie* evidence of Rather's exclusive ownership of the Rather Outdoors Marks. Without knowledge and therefore denied as to the remaining allegations in paragraph 17 of the Complaint.

18.    Without knowledge and therefore denied.

19.    Without knowledge and therefore denied.

20.    Without knowledge and therefore denied.

21. Admitted that Rather is not now, nor has it ever been, affiliated with Stewart. Denied that Stewart is not legally authorized to use the Rather Outdoors Marks in the manner alleged under applicable laws.

**B.     Rather Outdoors' Alleged Authorized Reseller Network**

22. Without knowledge and therefore denied.

23. Without knowledge and therefore denied.

24. Without knowledge and therefore denied as to what is well known to third parties about Rather's requirement(s). Stewart denies the remaining allegations in paragraph 24 of the Complaint.

25. Without knowledge and therefore denied.

26. Without knowledge and therefore denied.

27. Without knowledge and therefore denied.

**C.     Alleged Infringing and Improper Conduct**

28. Admitted that Rather did not expressly authorize or grant permission for Stewart to sell Rather products. Stewart denies that it was not permitted to sell Rather products under applicable laws. Stewart denies the remaining allegations in paragraph 28 of the Complaint.

29. Admitted that Stewart has sold and is lawfully selling products on its website and through Facebook and Instagram sites. Stewart denies the remaining allegations in paragraph 29 of the Complaint.

30. Stewart admits that it has lawfully offered for sale and sold products on the Internet that are accurately and lawfully identified by trademarks that Rather claims to own.

31. Admitted.

32. Admitted.

33. Admitted.

34. Admitted.

35. Admitted.

36. Denied.

37. Denied.

38. Denied.

39. Without knowledge and therefore denied.

40. Denied.

41. Stewart admits that it lawfully purchased and sold products. Without knowledge and therefore denied as to the remaining allegations in paragraph 41 of the Complaint.

42. Denied.

43. Admitted.

44. Denied.

45. Stewart admits that it received certain written communications from Rather that were dated on or about the dates indicated in paragraph 45 of the Complaint, which speak for themselves. Stewart denies that its conduct was improper or infringing. Stewart further denies the allegations in the letters. Stewart denies the remaining allegations in paragraph 45 of the Complaint.

46. Stewart admits that a representative of Rather spoke with Stewart's owner, Christopher Stewart, in or around October 2022, and that the representative discussed Rather's proposed application to be a so-called "Authorized Internet Reseller." Stewart denies that any authorization from Rather was required for Stewart to buy or sell products under applicable laws.

47. Denied.

48. Denied.

**D.  Alleged Likelihood of Confusion and Injury**

49. Denied.

50. Denied.

51. Denied.

52. Denied.

53. Denied.

54. Admitted that Stewart has not received training from Rather Outdoors. Stewart denies the remaining allegations in paragraph 54 of the Complaint.

55. Denied.

56. Denied.

57. Denied.

58. Denied.

59. Denied.

60. Denied.

61. Denied.

62. Denied.

63. Denied.

## COUNT I
## Alleged Unfair Competition and False Designation of Origin in Violation of 15 U.S.C. § 1125(a)

64. Stewart realleges and incorporates its answers to paragraphs 1 through 63 of the Complaint as though fully set forth herein.

65. Denied.

66. Without knowledge and therefore denied.

67. Without knowledge and therefore denied.

68. Denied.

69. Denied.

70. Denied.

71. Denied.

72. Denied.

## COUNT II
### Alleged Tortious Interference with Contract

73. Stewart realleges and incorporates its answers to paragraphs 1 through 63 of the Complaint as though fully set forth herein.

74. Denied.

75. Denied.

76. Stewart admits that it lawfully bought, offered to sell, and sold products through its website and Facebook and Instagram websites to customers in the United States and this District. Stewart denies that there is any legal basis for Rather to prohibit Stewart from buying or selling products as allowed under applicable laws. Stewart is without knowledge or information sufficient to form a belief as to whether or not any seller is alleged by Rather to be an "Authorized Reseller." Stewart denies the remaining allegations in paragraph 76 of the Complaint.

77. Denied.

78. Denied.

79. Denied.

80. Denied.

81. Denied.

82. Denied.

83. Denied.

## COUNT III
## Alleged Violation of FDUTPA (Fla. Stat. §§ 501.201-501.213)

84. Stewart realleges and incorporates its answers to paragraphs 1 through 63 of the Complaint as though fully set forth herein.

85. Denied.

86. Denied.

87. Denied.

88. Denied.

89. Denied.

## AFFIRMATIVE DEFENSES AND OTHER DEFENSES

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

The Complaint is barred, in whole or in part, for failure to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

### (First Sale Doctrine and Exhaustion Doctrine)

The Complaint is barred, in whole or in part, based on the first sale doctrine and the exhaustion doctrine.

### THIRD AFFIRMATIVE DEFENSE

### (Fair Use)

The Complaint is barred, in whole or in part, based on the doctrines of fair use, nominative fair use, and descriptive fair use.

### FOURTH AFFIRMATIVE DEFENSE

### (Failure to Allege Fraud with Particularity)

The Complaint is barred, in whole or in part, based on Plaintiff's failure to allege fraud with requisite particularity pursuant to the heightened pleading requirements set forth in Federal Rule of Civil Procedure 9(b).

### FIFTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

The Complaint is barred, in whole or in part, by the doctrine of unclean hands.

### SIXTH AFFIRMATIVE DEFENSE

### (Innocent Infringement)

The Complaint is barred, in whole or in part, because any alleged infringement, if any, was innocent.

### SEVENTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

The Complaint is barred, in whole or in part, because of a failure to mitigate damages, if such damages exist.

## EIGHTH AFFIRMATIVE DEFENSE

### (First Amendment)

The Complaint is barred, in whole or in part, by the First Amendment to the Constitution of the United States.

## NINTH AFFIRMATIVE DEFENSE

### (Actions of Others)

The Complaint is barred, in whole or in part, because Defendant is not liable for the acts of others over whom it has no control.

## TENTH AFFIRMATIVE DEFENSE

### (Waiver, Acquiescence, and Estoppel)

The Complaint is barred, in whole or in part, by the doctrines of waiver, acquiescence, and estoppel.

## **PRAYER FOR RELIEF**

WHEREFORE, Stewart respectfully requests a judgment in its favor and against Rather as follows:

A. That the Court deny all relief sought by Rather in its Complaint;

B. That Rather be ordered to pay to Stewart its reasonable attorney fees and costs pursuant to 15 U.S.C. § 1117(a) and Section 501.2015, Florida Statutes; and

C.   That the Court grant Stewart such other and further relief as it may deem just, proper, and equitable.

## JURY DEMAND

Stewart hereby requests a trial by jury on all issues so triable.

Respectfully submitted this 28th day of April, 2023.

*/s/ John R. Zoesch III*
**STEPHEN D. WILSON**
Florida Bar No. 1010484
Maine Bar No. 008763
Massachusetts Bar No. 641084
**JOHN R. ZOESCH III**
Florida Bar No. 0045257
Texas Bar No. 24093657
**BEGGS & LANE, RLLP**
501 Commendencia Street
Pensacola, FL 32502
(850) 432-2451
(850) 469-3331 [fax]
SDW@BeggsLane.com
JRZ@BeggsLane.com

*Attorneys for Defendant*
*Stewart Discount Fishing Tackle LLC*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 28th day of April, 2023, a true and correct copy of the foregoing has been furnished via electronic mail through the CM/ECF System for the Northern District of Florida, which will send notice of the electronic filing to all counsel of record.

                                                */s/ John R. Zoesch III*
                                                **JOHN R. ZOESCH III**
                                                Florida Bar No. 0045257